**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RENE TYH TOKPAN,<br><br>        Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 10-73176<br><br>Agency No. A098-152-422<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2012
San Francisco, California

Before: SCHROEDER, KLEINFELD, and BERZON, Circuit Judges.


Rene Tokpan petitions for review of the Board of Immigration Appeals'

decision affirming the Immigration Judge's denial of Tokpan's motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

---

       *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review denial of a motion to reopen for abuse of discretion. Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir. 2003). Tokpan was convicted of stalking under California law and was ordered removed under 8 U.S.C. § 1227(a)(2)(E)(i). Tokpan argues on appeal that because his conviction was based on a plea of nolo contendere, it was insufficient to qualify as a conviction under § 1227. "Conviction" is defined in 8 U.S.C. § 1101(a)(48)(A) as

> a formal judgment of guilt of the alien entered by a court, *or* if adjudication of guilt has been withheld, where—(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed. (emphasis added).

Here, the California Superior Court entered a formal judgment of guilt against Tokpan for stalking, after he pleaded nolo contendere. Under § 1101, where there is a judgment of guilt, that suffices as a conviction for federal purposes regardless of whether that judgment of guilt is based upon a plea of nolo contendere. Tokpan was convicted on his plea of stalking, and the BIA did not abuse its discretion in denying his motion to reopen. We need not and do not reach any of Tokpan's other arguments.

**PETITION DENIED.**

2